

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RUSSELL ELLIOTT & NELLY
ELLIOTT,

　　　　　　　　　　　Plaintiffs,

v.

SAN DIEGO HOUSING COMMISSION,
*et al.*

　　　　　　　　　　　Defendants.

Case No.: 25-cv-002454-JO-BJW

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS [DKT. 20]**

On February 19, 2026, the Court held oral argument on Defendants' motion to dismiss Plaintiffs' complaint. For the reasons stated below and at oral argument, the Court grants Defendants' motion to dismiss.

1. In their complaint, Plaintiffs assert ten claims: (1) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; (2) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*; (3) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (4) violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955; (5) retaliation in violation of the FHA, 42 U.S.C. § 3617; (6) deprivation of rights under 42 U.S.C.

1

§ 1983; (7) intentional infliction of emotional distress; (8) declaratory and injunctive relief; (9) economic loss due to tortious interference with pending litigation; and (10) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985. Dkt. 1 ("Compl.") ¶¶ 67–131.

2. Based on Plaintiffs' pleadings and the clarification they provided at oral argument, Plaintiffs appear to base these claims on the following three actions: (1) Defendant Faye Stauber deleted the supporting documentation for their HUD-VASH application on November 8, 2023, *id.* ¶¶ 4, 38–39, 95–100; (2) Defendant Pamela Gomes[1] refused to submit their HUD-VASH application on March 20, 2024 because their family's ethnicity was listed as "other" on the application and Mrs. Elliott's maiden name was listed on one of their children's birth certificates, *id.* at 27:19–24, ¶ 92; and (3) Defendants Loretta Timis and the San Diego Housing Commission ("SDHC")[2] denied them access to SDHC's homeownership program, which allows HUD-VASH voucher holders to use their vouchers for homeownership, rather than renting, *id.* at 28:14–29:7.

3. To the extent that Plaintiffs allege failure to accommodate claims under the FHA, ADA, and Rehabilitation Act based on Defendants denying them access to the homeownership program, they fail to do so for the following reasons:

  a. Plaintiffs have not adequately pled that Mr. Elliott has a disability as defined by these statutes. The FHA, ADA, and Rehabilitation Act define a disability as a physical or mental impairment that substantially limits one or more of a person's major life activities. *See* 42 U.S.C. § 3602(h) (FHA); 42 U.S.C. §

---

[1] At the hearing, Plaintiffs clarified that they also seek to bring this claim against Defendant Timis. Plaintiffs further clarified that these Defendants refused to submit the application because of Plaintiffs' familial status and in retaliation for them complaining about Defendant Stauber and suing SDHC-affiliated private property companies. If Plaintiffs wish to do so, they may include these allegations against Gomes and Timis in their First Amended Complaint.

[2] At the hearing, Plaintiffs clarified that they also seek to bring this claim against Defendant Gomes. If they wish to do so, they may include allegations against Gomes in their First Amended Complaint.

25-cv-002454-JO-BJW

12102 (ADA); 29 U.S.C. § 705(20) (Rehabilitation Act). Here, Plaintiffs allege that Mr. Elliott is disabled, *see* Compl. ¶ 1, but do not say what his physical or mental impairments are or how they impact his major life activities. Thus, Plaintiffs have not adequately pled this element of their failure to accommodate claims.

b. Plaintiffs also have not adequately pled that the requested accommodation—allowing Mr. Elliott to use his HUD-VASH voucher for homeownership rather than renting—was necessary to accommodate Mr. Elliott's disability, as opposed to merely a preference. *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737–38 (9th Cir. 2021) (under Title II of the ADA and § 504 of the Rehabilitation Act, a plaintiff must allege that they were denied the benefits of a public entity's services, programs, or activities because of their disability); *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1190 (9th Cir. 2021) (under the FHA, an accommodation is "necessary" if "but for the accommodation" the plaintiff "likely will be denied an equal opportunity . . . to enjoy the housing of their choice"). Here, Plaintiffs fail to specify why allowing Mr. Elliott to use his HUD-VASH voucher for homeownership is necessary to provide him the same access to housing that he would have if he were not disabled. A blanket assertion of disability, without more, is insufficient to adequately plead that Mr. Elliott requires this accommodation to access housing services.

4. To the extent that Plaintiffs allege intentional disability discrimination claims (*i.e.*, disparate treatment claims) under the FHA, ADA, Rehabilitation Act, and FEHA, those claims fail because Plaintiffs have not plausibly alleged that Defendants intentionally discriminated against them based on Mr. Elliott's disability. *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 661 (9th Cir. 2025) (under the FHA and FEHA, to prevail on disparate treatment claim, a "plaintiff must establish that the defendant had a discriminatory *intent or motive*") (emphasis in original)

3

(internal quotation omitted); *Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 504 (9th Cir. 2016) (noting that to survive a motion to dismiss an FHA claim, a plaintiff must plead facts that plausibly show that the defendant's actions were motivated by discrimination); *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1157 (9th Cir. 2013) ("The standards regarding disparate treatment claims under the ADA are typically identical [to the FHA], and courts accordingly interpret them in tandem.") (internal citation and quotation marks omitted).

    a. Regarding Plaintiffs' claim that they were denied access to the homeownership program, Plaintiffs fail to allege facts showing that Defendants Timis and SDHC were motivated by discrimination when they did not approve Plaintiffs for the program. Although Plaintiffs allege that seven unnamed individuals were approved for the program while they were not, Compl. ¶¶ 73–74, they do not say whether those individuals were disabled. Nor do they plead facts showing that, aside from not being disabled, these individuals were in a similar situation as Plaintiffs—for instance, that they too had applied after the program was placed on hold. *Id.* at 29:4–8 (alleging that Timis denied their request to access the homeownership program because the program was on hold). The facts as currently pled do not allow the Court to draw a reasonable inference that Plaintiffs were treated less favorably than similarly situated non-disabled individuals. *See Pac. Shores Props.*, 730 F.3d 1142, 115 (a plaintiff may show intentional discrimination by alleging facts to show that they were treated worse than a similarly situated individual); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient fact[s] . . . [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiffs offer no other facts showing that Defendants denied Plaintiffs access to the homeownership program because of Mr.

Elliott's disability.  Plaintiffs therefore fail to adequately plead a disparate treatment claim based on being denied access to the homeownership program.

b. Despite their statements during the February 19, 2026 hearing, Plaintiffs' complaint does not allege that Defendants Stauber and Gomes were motivated by disability discrimination when (1) Stauber deleted their HUD-VASH application supporting documents, and (2) Gomes refused to submit their HUD-VASH application.  Nor do Plaintiffs plead any facts in support of these allegations.  Instead, Plaintiffs appear to allege that Defendants took these actions in retaliation for Plaintiffs' complaints about the administration of the HUD-VASH program and their lawsuit against SDHC-affiliated property companies.  *See* Compl. ¶¶ 73–74, 80, 92.  Therefore, Plaintiffs have not plausibly pled a disparate treatment claim based on either of these actions.

5. To the extent Plaintiffs allege that Defendant Gomes intentionally discriminated against them in violation of FEHA on other grounds, such as their ethnicity or marital status, *see id.* at 27:19–24, ¶ 92, these claims also fail because Plaintiffs have not pled sufficient facts to support the inference that Gomes was motivated by discriminatory animus.  *See* Cal. Gov't Code § 12955(a) (prohibiting, among other things, discrimination based on familial status, ethnicity, source of income, or marital status); *Ohio House*, 135 F.4th at 661 (for a FEHA intentional discrimination claim, a "plaintiff must establish that the defendant had a discriminatory *intent or motive*") (emphasis in original) (internal quotation omitted).  Plaintiffs allege that Gomes refused to submit their application because the family's ethnicity was listed as "other" on the application and because Mrs. Elliott's maiden name was listed on one of their children's birth certificates.  *See* Compl. at 27:19–24.  Without more, these bare facts are insufficient to plausibly plead that Gomes was motivated by discriminatory animus against their ethnicity or their status as a married couple in refusing to submit their application.  *Iqbal*, 556 U.S. at 678 (alleging facts that "are merely consistent with a defendant's liability," is insufficient to survive a motion to

25-cv-002454-JO-BJW

dismiss because Rule 12(b)(6) requires "more than a sheer possibility that a defendant has acted unlawfully") (internal quotation omitted).

6. Because Plaintiffs have not plausibly pled failure to accommodate or disparate treatment claims under the FHA, ADA, Rehabilitation Act, or FEHA, the Court dismisses these claims (Claims 1–4) with leave to amend.

7. To the extent that Plaintiffs allege retaliation under § 3617 of the FHA (*i.e.*, an "FHA interference" claim) based on Timis and SDHC denying them access to the homeownership program and Stauber deleting their supporting documents for their HUD-VASH application, these claims fail because Plaintiffs have not plausibly alleged a causal link between these actions and Plaintiffs' exercise of their rights under the FHA. *See* Compl. ¶¶ 4, 38–39, 95–101; *Ohio House*, 135 F.4th at 670 (to plead an FHA interference claim, a plaintiff must allege that (1) they were engaged in activity protected under the FHA; (2) they suffered an adverse action that affected their exercise or enjoyment of rights under the FHA; and (3) there was a causal link between the two). With respect to Plaintiffs' allegation that Timis and SDHC denied them access to the homeownership program because of their lawsuit against the SDHC-affiliated private property companies, *see* Compl. ¶¶ 95–100, they have not pled that Timis and SDHC even knew about the lawsuit, much less alleged facts showing that Timis and SDHC were motivated by a desire to discourage or punish Plaintiffs for the lawsuit. Without these facts, Plaintiffs have not plausibly alleged that their lawsuit caused Timis and SDHC to deny them access to the homeownership program.[3] Similarly, with respect to Stauber's alleged retaliation, because Plaintiffs have not pled that Stauber knew about Mr. Elliott's complaint to the VA hotline when she deleted their documents, they have not plausibly pled that

---

[3]    At the hearing, Plaintiffs also clarified that Defendants Gomes and Timis refused to submit their application because they complained about Stauber. Plaintiffs may include this allegation in their First Amended Complaint if they wish to do so.

she deleted their documents because of that complaint.  Nor have they adequately pled that their lawsuit against the private property companies caused Stauber to delete their application documents.  Because Plaintiffs allege that Stauber deleted the documents in November 2023, *before* their lawsuit was filed in April 2024, the lawsuit could not have caused her to take this action.[4]  Accordingly, the Court dismisses Plaintiffs' FHA interference claim (Claim 5) with leave to amend.

8. Plaintiffs' claim that Defendant Stauber intentionally inflicted emotional distress by deleting the personal documents Plaintiffs submitted in support of their HUD-VASH application fails because they have not plausibly alleged that Stauber's action constitutes extreme and outrageous conduct.  *See id.* ¶¶ 4, 108–12; *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009) (to plead an intentional infliction of emotional distress claim, a plaintiff must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff suffered severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the severe emotional distress).  While intentionally deleting identification documents and requiring Plaintiffs to reobtain and resubmit them to apply for housing may be burdensome and harmful, *see* Compl. ¶¶ 37–41, it is not the kind of "extreme and outrageous conduct" that this cause of action is designed to address.  *See Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1007 (2019) ("A defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.") (internal quotations omitted).  Therefore, the Court dismisses their intentional infliction of emotional distress claim (Claim 7) with leave to amend.

---

[4]  The Court *sua sponte* takes judicial notice of the date that Plaintiffs' lawsuit against these private companies was filed as a matter of public record not subject to reasonable dispute.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.7 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

25-cv-002454-JO-BJW

9. Plaintiffs' §§ 1983 and 1985 claims fail because they have not plausibly alleged an underlying violation of federal or constitutional law. *See* Compl. ¶¶ 102–07, 127–31; *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015) (to state a § 1983 claim, a plaintiff must (1) allege the violation of a right secured by the Constitution and laws of the United States; and (2) show that the alleged deprivation was committed by a person acting under color of state law); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (the "absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"). Plaintiffs base their §§ 1983 and 1985 claims on the alleged violations of the FHA, ADA, and Rehabilitation Act discussed above. Compl. ¶¶ 105, 127–129.[5] Because those claims fail, so do their §§ 1983 and 1985 claims based on the same conduct. Therefore, the Court dismisses their §§ 1983 and 1985 claims (Claims 6 and 10) with leave to amend.

10. Plaintiffs' claims for declaratory and injunctive relief appear to be coextensive with their underlying FHA, ADA, Rehabilitation Act, and FEHA claims. *See* Compl. ¶¶ 113–17. Because Plaintiffs have not plausibly alleged those underlying claims, their declaratory and injunctive relief claims also fail. The Court therefore dismisses this claim (Claim 8) with leave to amend.

11. Plaintiffs' claim for economic loss due to interference with pending litigation fails because this is not a valid cause of action under California law. *See id.* ¶¶ 118–26,

---

[5]    At the hearing, Plaintiffs asserted that their §§ 1983 and 1985 claims were also based on a violation of their First Amendment right to criticize the government. Because this theory was not pled in the complaint, the Court does not consider it, but Plaintiffs may raise it in their First Amended Complaint. The Court also notes that not all statutory violations are actionable under §§ 1983 and 1985. *See Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (quoting *Buckley v. City of Redding,* 66 F.3d 188, 190 (9th Cir.1995) (noting that alleged violations of federal law may not be pursued under § 1983 where "(1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme," and holding that plaintiffs may not "vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act" under § 1983).

25-cv-002454-JO-BJW

*Temple Cmty. Hosp. v. Superior Ct.*, 20 Cal. 4th 464, 475–76 (1999) (refusing to permit these claims because a litigant's expectancy in the outcome of litigation is "peculiarly uncertain," and thus the potential loss or impairment of a hoped-for civil verdict is too speculative to qualify as a "prospective economic advantage"). Because alleging additional facts would not overcome this legal bar, amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000) (court may deny leave to amend where amendment would be futile). Therefore, the Court dismisses this claim (Claim 9) **with prejudice.**

12. To the extent Plaintiffs bring any other claims, the Court dismisses them under Fed. R. Civ. P. 8 because it is unable to decipher them.

13. Plaintiffs are granted leave to file a First Amended Complaint by **May 11, 2026.** Plaintiffs' First Amended Complaint must be complete by itself without reference to prior pleadings; any defendants not named and claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered waived if not repled in the amended pleading). Failure to file an amended complaint may result in dismissal of the case.

**IT IS SO ORDERED**.

Dated:  April 10, 2026

_____
Honorable Jinsook Ohta
United States District Judge

25-cv-002454-JO-BJW